
FILED
MAR 02 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 11-10032 |
| Plaintiff, | * | OPINION AND ORDER |
| v. | * | |
| BURTON LITTLE DOG, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant is charged with six counts alleging sexual abuse involving three different alleged victims. He filed a motion to sever pursuant to Fed. R. Crim. P. 14, contending that the counts were improperly joined pursuant to Fed. R. Crim. P. 8(a). He seeks a severance and separate trial as to the counts pertaining to the three separate alleged victims.

Joinder of offenses is proper under Fed. R. Crim. P. 8(a) where the offenses charged "are of the same or similar character, or are based upon the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "The rule is broadly construed in favor of joinder to promote judicial efficiency." United States v. Midkiff, 614 F.3d 431, 439 (8th Cir. 2010).

In Count I of the indictment, defendant is charged with sexually abusing a boy under the age of 12 years during the summer of 2010. In Count II, defendant is charged with sexually abusing a boy under the age of 12 years between May 2010 and May 2011. In Counts III - VI, defendant is charged with sexually abusing a boy under the age of 12 between December 2004 and April 2006. The charges involve touching the genitalia of

all three alleged victims and engaging in anal intercourse with one of the alleged victims. The counts were properly joined pursuant to Rule 8(a).

Once counts are properly joined, the district court may nonetheless order separate trials of the counts "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses." Fed. R. Crim. P. 14; United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011). There is always some danger of prejudice to a defendant who is tried for multiple crimes in one proceeding. Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the "general efficiency of joinder." United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008).

Separate trials are required only where prejudice caused by a joint trial is "severe or compelling." United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). Severe prejudice occurs when a defendant is deprived of "an appreciable chance for an acquittal," a chance that defendant "would have had in a severed trial." United States v. Boyd, 180 F.3d 967, 982 (8th Cir. 1999).

> [P]rejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately. On the other hand, a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime.

United States v. Midkiff, 614 F.3d at 440 (*quoting* United States v. Boyd, 180 F.3d at 981-82 (*quoting in turn* United States v. Davis, 103 F.3d 660, 676 (8th Cir.1996)). *Accord*, United States v. Erickson, 610 F.3d 1049, 1055 (8th Cir. 2010), and United States v. Taken Alive, 513 F.3d 899, 903 (8th Cir. 2008).

Even if the Court were to sever the counts, the evidence from the severed counts may be admissible in separate trials under Fed. R. Evid. 414. Rule 414 allows the admission of evidence "that the defendant committed any other child molestation" in the

2

defendant's trial for an offense of child molestation. Congressional discussion by Rep. Susan Molinari on the proposed additions of Rules 413 and 414 to the Federal Rules of Evidence provides, and Congressional intent is clear, that (1) the rules are intended to supersede the restrictive aspects of Rule 404(b), (2) the hearsay standards and Rule 403's balancing test continue to apply, (3) in child molestation cases, a history of similar acts is probative of a disposition of the defendant to have a sexual interest in children, (4) the presumption is in favor of admission, and (5) there is no time limit to the offenses which may be admitted; even offenses 20 years old are probative. Cong. Rec. H8991-92, Aug. 21, 1994.

Severance is not required in this case.

Now, therefore,

IT IS ORDERED that the defendant's motion, Doc. 22, for a severance of counts is denied.

Dated this 2nd day of March, 2012.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH A. HAAS, CLERK

BY: *Barbara Joseph*
DEPUTY

(SEAL)